UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN TICHOT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 10-135-P-S |
| | ) |
| US DEPARTMENT OF STATE, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION**

On April 9, 2010, John Tichot filed a "complaint" naming as the sole defendant the United States Department of State. In his pleading Tichot complained of the treatment he had received in the United States since moving here in August 2001. According to Tichot he is South Sudanese and legally immigrated to the United States through Ethiopia. South Sudan is not an independent country and Tichot believes this explains, in part, the punishing conditions under which he, and his fellow countrymen, live, as a result of a worldwide diaspora of individuals from his native land. Tichot believes he is not accepted in the United States and that he has been labeled as dangerous and "most wanted." According to Tichot his community in Portland, Maine has been victimized by the use of excessive force by the police and the murder of one member of the community and the death of another. He is asking for this court's assistance in order "to live better in U.S. through law and equality."

When I granted Tichot's petition to proceed without prepayment of filing fees, I cautioned Tichot that he could not move on with a legal case in this court without an amended complaint that better explained how the United States State Department could be held legally accountable in a court of law for the unhappiness and suffering Tichot has experienced. Tichot responded to my order by filing a document that simply references 42 U.S.C. § 1983. Section

1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Section 1983 enables individuals to pursue civil actions to vindicate federal constitutional and federal statutory rights when they have suffered a deprivation at the hands of a state actor.  Id.  It does not provide any basis for holding the United States itself liable for claimed deprivations, be they constitutional or statutory.  The State Department is not a person nor does it act under color of any individual State's law.  My order was not intended as a "trick question," requiring Tichot to provide me with the correct legal citation in order to move his case forward.  My intent was that Tichot file an amended complaint explaining the factual basis for his claim that the State Department should be held liable by the federal court for something it did to Tichot.  He has failed to provide any further factual content to his allegations.

Accordingly I recommend that this court summarily dismiss this complaint pursuant 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.").  While I certainly do not believe Tichot's filing is intended to be frivolous, malicious, or an attempt to gain monetary relief from an immune defendant, it simply fails to state a legally cognizable claim and must be dismissed from the docket.

NOTICE

   A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

   Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

              /s/ Margaret J. Kravchuk
              U.S. Magistrate Judge

Date April 22, 2010